UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARIMEKKO OYJ,

Plaintiff,

-against-

HONTUS LTD. and YS GLOBAL IP HOLDINGS,
INC.,

Defendants.

Civil Action No.

**COMPLAINT**

Plaintiff, Marimekko Oyj ("Marimekko"), by its attorneys Olshan Frome Wolosky LLP,

alleges on knowledge as to its own acts and otherwise on information and belief as follows:

## NATURE OF THE ACTION

1.       This is an action for copyright infringement, trademark infringement, trademark

counterfeiting, and unfair competition in violation of the laws of the United States, New York and

common law.  Marimekko seeks an injunction, damages and related relief.

## JURISDICTION AND VENUE

2.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338,

and 1367.  Plaintiff's claims are predicated upon the copyright laws of the United States, 17 U.S.C.

§ 101, et seq., as amended (the "Copyright Act"), the Lanham Act, 15 U.S.C. § 1051, et seq., as

amended (the "Lanham Act"), and substantial and related claims under the statutory and common

law of the State of New York.  Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## THE PARTIES

3.       Marimekko is a corporation organized under the laws of Finland with its principal

place of business at Puusepänkatu 4 FI-00880, Helsinki, Finland.

4.      Defendant, Hontus, Ltd. ("Hontus"), is a Delaware corporation with a principal place of business located at 11450 NW 122nd Street, Bldg. 100, Miami, Florida 33178.  Hontus has (i) advertised, distributed, offered for sale, and/or sold the infringing and/or counterfeit goods at issue in this case in New York and within this judicial district and/or (ii) expected, intended and directed that those products be resold in New York and within this judicial district by its distributors, wholesale/retail customer accounts, e-commerce retailers, and/or through its internet website at www.miatoro.com, with full knowledge that those products were resold in New York and within this judicial district or could reasonably be expected to be resold in New York and within this judicial district.

5.      Defendant, YS Global IP Holdings, Inc. ("YS"), is a Florida corporation with a principal place of business located at 11450 NW 122nd Street, Bldg. 100, Medley, FL 33178.  YS is the current owner of the MIA TORO ITALIA & logo trademark, U.S. Reg. No. 4,961,199, which is being used on and in in connection with the infringing and/or counterfeit goods at issue (hereinafter Hontus and YS are sometimes collectively referred to as the "Defendants").

6.      At all times relevant hereto, the Defendants have, through their distributors, e-commerce retailers, wholesale/retail customer accounts, through their internet website located at www.miatoro.com, and/or through their Global Sales Headquarters located at 366 Fifth Avenue, Suite 612, New York, New York 10001, been doing business in New York and have advertised, distributed, offered for sale and/or sold suitcases bearing infringements and/or counterfeits of Plaintiff's trademarks in New York.

## MARIMEKKO'S INTELLECTUAL PROPERTY

7.      Marimekko is a Finnish design company renowned for its original prints and colors.  The company's product portfolio includes high-quality clothing, bags and accessories, as

2

well as home décor items ranging from textiles to tableware which are all sold under the Marimekko brand name.

8.      When Marimekko was founded in 1951, its unparalleled printed fabric designs gave the brand a strong and unique identity.  Today, the Marimekko brand has achieved a great deal of recognition in the United States and elsewhere and its high-quality products bearing the Marimekko trademark are widely advertised, offered for sale and sold throughout the United States and in various countries throughout the world.

9.      One of Marimekko's most famous fabric designs is the UNIKKO design which was first published in January 1965.  Examples of the UNIKKO Design are set forth below (the "UNIKKO Design"):



10.     The UNIKKO Design was one of the first designs offered by the Marimekko brand and has since been identified as one of the most recognized fabric designs in the world, and has received extensive press coverage and industry acclaim, as well as substantial commercial success.  Since the UNIKKO Design was created, Marimekko has offered a number of variations of the design on a variety of products.  Examples of products that Marimekko manufactures,

advertises, offers for sale and sells in the United States with the UNIKKO Design, include, but are not limited to, the following:

| PRODUCT CATEGORY | PRODUCT |
|---|---|
| BAGS |  |

| PRODUCT CATEGORY | PRODUCT |
|---|---|
| COIN PURSES |  |
| COSMETIC BAGS |  |

| PRODUCT CATEGORY | PRODUCT |
|---|---|
| FABRICS |  |
| UMBRELLAS |  |

| PRODUCT CATEGORY | PRODUCT |
| --- | --- |
| STATIONERY |  |
| KITCHEN |  |

7

| PRODUCT CATEGORY | PRODUCT |
|---|---|
| HOME |  |
| CLOTHING | |

11.     The Marimekko trademark and the UNIKKO Design are used on or in connection with hundreds of millions of dollars' worth of consumer goods sold each year.  Products bearing the Marimekko trademark and/or the UNIKKO Design are available at Marimekko stores, select department stores and specialty retail locations throughout the United States, in New York, on Marimekko's website located at https://us.marimekko.com, and by authorized retailers on the Internet.

4469970-1

12.     The public's recognition of the Marimekko trademark and the UNIKKO Design is enhanced by Marimekko's extensive advertising, and by editorial and press coverage of Mariemekko's product line.   Advertisements featuring the Marimekko trademark and the UNIKKO Design appear in nationally distributed publications that reach hundreds of millions of readers.   Press coverage of Marimekko's products and the UNIKKO Design also reach hundreds of millions of consumers.

13.     As a result of their exclusive and extensive use, advertisement, and promotion, the Marimekko trademark and the UNIKKO Design have acquired enormous value and recognition in the United States.   The Marimekko trademark and the UNIKKO Design are well known to the consuming public and trade as identifying and distinguishing Marimekko exclusively and uniquely as the source of origin of the high quality products to which the Marimekko trademark and the UNIKKO Design are applied.   The Marimekko trademark and the UNIKKO Design are both inherently distinctive and famous.

14.     Marimekko owns a valid and subsisting copyright registration in the UNIKKO Design, which has been registered with the US Copyright Office since 1977, Registration No. GF 1737 (the "UNIKKO Copyright").   A true and correct copy of the copyright registration certificate, the copyright renewal and a photograph of the original design created in 1965 are attached hereto as Exhibit A.

15.     The UNIKKO Copyright is original and distinctive.

16.     The UNIKKO Copyright is used in connection with a variety of Marimekko products.

17.     The Marimekko products bearing the UNIKKO Copyright are popular, well-known and sold in stores and over the internet throughout the United States and various countries throughout the world, and accessible to the public

18.     Marimekko also owns, amongst others, trademarks registered in the United States Patent and Trademark Office in connection with various goods contained within Class 18, including, but not limited to, the following trademark registrations for the Marimekko trademark (the "Marimekko Word Mark") and the UNIKKO Design (the "UNIKKO Design Trademarks")(hereinafter the Marimekko Word Mark and the UNIKKO Design Trademarks are sometimes collectively referred to as the "MARIMEKKO Trademarks"):

| Trademark | Registration Number | Registration Date |
|---|---|---|
| **MARIMEKKO** | 3873041 | November 9, 2010 |
|  | 4270359 | January 8, 2013 |

| Trademark | Registration Number | Registration Date |
|---|---|---|
|  | 4177681 | July 24, 2012 |
|  | 4078703 | January 3, 2012 |

Hereinafter the UNIKKO Copyright and the MARIMEKKO Trademarks are collectively referred to as the "MARIMEKKO Intellectual Property".

19.     The foregoing trademark registrations are valid and subsisting and are in full force and effect and Registration No. 3873041 has achieved incontestable status pursuant to 15 U.S.C. §1065.

4469970-1

## DEFENDANTS' WRONGFUL ACTIVITIES

20.     Defendants have created, designed, manufactured, purchased, imported, distributed, offered for sale and/or sold in commerce an "EKKO" luggage collection under the MIA TORO ITALIA & logo trademark, which bears unauthorized simulations, reproductions, counterfeits, copies, colorable imitations, and/or confusingly similar and/or substantially similar variations of the MARIMEKKO Intellectual Property (the "Infringing Goods") without Marimekko's license or authorization.   Attached hereto as Exhibit B are photographs of examples of the Infringing Goods at issue.

21.     More specifically, Defendants have created a luggage collection bearing studied copies of both the UNIKKO Design Trademarks and the UNIKKO Copyright.  Please find below a table depicting the Marimekko UNIKKO Design compared to the Infringing Goods being sold by Defendants:

| Marimekko's UNIKKO Design | Defendants' Infringing Goods |
|---|---|
|  |  |

| Marimekko's UNIKKO Design | Defendants' Infringing Goods |
|---|---|



22.     In addition to Defendants' infringement of the UNIKKO Design, Defendants have also infringed upon the Marimekko Word Mark by simply parsing Marimekko and creating an "EKKO" collection name. Please find below a table depicting Marimekko's use of the Marimekko Trademark on its genuine goods compared to the Infringing Goods being sold by Defendants:

4469970-1

**Genuine Marimekko Products Bearing Marimekko Word Mark**



**Defendants' Infringing Goods Bearing The EKKO Collection Name**



14

23.     On August 15, 2017, Marimekko sent a cease and desist letter to Hontus regarding its infringement of the UNIKKO Design, as well as its infringing use of the MARIMEKKO Word Mark by its adoption of "EKKO" (rather than Marimekko), as the collection name for the Infringing Goods.  Despite Hontus' receipt of this cease and desist letter, upon information and belief, Hontus failed to notify any of its wholesale/retail customer accounts of Marimekko's infringement allegations and/or Hontus and/or its wholesale/retail customer accounts continued to sell the Infringing Goods.

24.     YS, as the owner of the MIA TORO ITALIA & logo trademark, authorized the adoption of the infringing UNIKKO Design and "EKKO" collection name, which are substantially indistinguishable from, confusingly similar to and/or substantially similar to the MARIMEKKO Intellectual Property and permitted its trademark to be used on or in connection with the Infringing Goods.

25.     Long after Plaintiff's adoption, use and authorization of use of the MARIMEKKO Intellectual Property on bags, and other related products and long after Plaintiff's federal registration of its copyright and trademarks, Defendants commenced the creation, design, manufacture, purchase, importation, distribution, offer for sale and/or sale of suitcases, bearing infringements of the UNIKKO Copyright and/or infringements and/or counterfeits of the MARIMEKKO Trademarks, as those copyright and trademarks appear on goods authorized by Plaintiff and as detailed in this complaint.

26.     Defendant's creation, design, manufacture, purchase, importation, distribution, offer for sale and/or sale of the Infringing Goods was done willfully in an effort to impermissibly copy the UNIKKO Design, the MARIMEKKO Word Mark and/or the Marimekko product line, including but not limited to the MARIMEKKO Intellectual Property, to trade upon the goodwill

15

Marimekko has created in the UNIKKO Design, the MARIMEKKO Word Mark and the Marimekko brand name, to unfairly compete with Marimekko, to mislead customers into believing there is some affiliation, connection or association between Defendants and Marimekko and/or is likely to cause confusion and mistake among the consuming public that the Infringing Goods are being offered to the consuming public with the sponsorship or approval of Marimekko.

27.    Defendants' aforementioned acts were willful and intentional.  Defendants knew or should have known that the Infringing Goods bore designs that are substantially similar to the UNIKKO Copyright, are confusingly similar and/or substantially indistinguishable from the MARIMEKKO Trademarks, and which unfairly compete with Marimekko.

28.    By reason of Defendants' conduct, Marimekko has been and continues to be harmed by Defendants' actions.  Upon information and belief, Defendants have profited or will profit by their wrongful conduct and activities.

29.    Marimekko has no adequate remedy at law.

### FIRST CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT, 17 U.S.C. § 101 et seq.)

30.    Marimekko repeats and realleges each and every allegation set forth in paragraphs 1 through 29 above as if fully set forth herein.

31.    Marimekko is the sole and exclusive owner of all right, title, and interest in and to the UNIKKO Copyright.

32.    The UNIKKO Copyright contains original material and copyrightable subject matter under the copyright laws of the United States.

33.    Defendants had access to the design protected by the UNIKKO Copyright prior to the Defendants' creation, design, manufacture, purchase, importation, distribution, offer for sale and/or sale of its own products.

4469970-1

34.     Defendants, with access to the Marimekko products bearing the UNIKKO Copyright, and without authorization, created, designed, manufactured, purchased, imported, distributed, offered for sale and/or sold, suitcases that bear a substantial similarity to the UNIKKO Copyright, copying the original and creative elements of the UNIKKO Copyright.

35.     Defendants have received notification that they have infringed the UNIKKO Copyright, but nonetheless have continued their infringing conduct.  Unless enjoined by the Court, Defendants intend to continue their course of infringing conduct, to wrongfully use, infringe upon and otherwise profit from the use of material and substantial portions of the UNIKKO Copyright and to induce others to do so.

36.     As a result, Defendants have engaged in copyright infringement pursuant to 17 U.S.C. § 101, *et seq.*

37.     Defendants' actions in copying and exploiting the designs protected by the UNIKKO Copyright were, and if continued, hereafter will be, committed willfully, intentionally and purposefully.

38.     Such conduct on the part of Defendants has injured Marimekko in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Marimekko, for which Marimekko has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## (TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114)

39.     Marimekko repeats each and every allegation set forth in paragraphs 1 through 29 above as if fully set forth herein.

40.     Defendants' use of the MARIMEKKO Trademarks, without Marimekko's consent, constitutes trademark infringement in violation of 15 U.S.C. § 1114, in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public

17

and trade as to the source, approval or sponsorship of the goods bearing infringements of the MARIMEKKO Trademarks.

41.     Defendants were on both actual and constructive notice of Marimekko's exclusive rights in the MARIMEKKO Trademarks prior to their own use of a pattern that is confusingly similar to the UNIKKO Trademark and their use of the EKKO collection name in conjunction therewith.  Defendants' use of the UNIKKO Design Trademarks and the EKKO collection name was with full knowledge of the goodwill and reputation associated with the MARIMEKKO Trademarks.  Defendants had no right, license or authority to use the MARIMEKKO Trademarks or any other confusingly similar marks.

42.     Such conduct on the part of Defendants jeopardizes the goodwill symbolized by the MARIMEKKO Trademarks, has injured Marimekko in an amount to be determined at trial, and has caused and threatens to cause irreparable injury to Marimekko for which Marimekko has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### (TRADEMARK COUNTERFEITING, 15 U.S.C. §1114)

43.     Chanel repeats each and every allegation set forth in paragraphs 1 through 29 and paragraphs 39 through 42 above as if fully set forth herein.

44.     The EKKO collection name and the infringing designs as they are being used by Defendants on the Infringing Goods, are identical to or substantially indistinguishable from the MARIMEKKO Trademarks.  Accordingly, Defendants have engaged in trademark counterfeiting in violation of 15 U.S.C. § 1114.

45.     Such conduct on the part of Defendants jeopardizes the goodwill symbolized by the MARIMEKKO Trademarks, has injured Marimekko in an amount to be determined at trial,

4469970-1

and has caused and threatens to cause irreparable injury to Marimekko, for which Marimekko has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
## (UNFAIR COMPETITION, 15 U.S.C. §1125(a))

46.     Chanel repeats each and every allegation set forth in paragraphs 1 through 29 and paragraphs 39 through 45 above as if fully set forth herein.

47.     Defendants' use of the infringing designs and the EKKO collection name infringe the MARIMEKKO Trademarks, without Marimekko's consent, and constitute the use of false or misleading designations of origin and/or the making of false or misleading representations of fact, and/or false advertising in commercial advertising or promotion, in violation of 15 U.S.C. § 1125(a), in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval, affiliation, connection, association, or sponsorship of the goods manufactured, advertised, distributed, offered for sale and/or sold by Defendants bearing the infringing designs and the EKKO collection name which are infringements and/or counterfeits of the MARIMEKKO Trademarks.

48.     Such conduct on the part of Defendants jeopardizes the goodwill symbolized by the MARRIMEKO Trademarks, has injured Marimekko in an amount to be determined at trial, and has caused and threatens to cause irreparable injury to Marimekko, for which Marimekko has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
## (COMMON LAW TRADEMARK INFRINGEMENT)

49.     Marimekko repeats each and every allegation set forth in paragraphs 1 through 29 and paragraphs 39 through 48 above as if fully set forth herein.

4469970-1

50.     The aforementioned acts of Defendants constitute trademark infringement in violation of the common law of the State of New York.

51.     Defendants' misconduct has injured Marimekko in an amount to be determined at trial and has caused, and if not restrained by this Court, will continue to cause, Marimekko serious and irreparably injury for which Marimekko has no adequate remedy at law.

**SIXTH CLAIM FOR RELIEF**
**(COMMON LAW UNFAIRM COMPETITION)**

52.     Marimekko repeats each and every allegation set forth in paragraphs 1 through 29 and paragraphs 39 through 51 above as if fully set forth herein.

53.     The aforementioned acts of Defendants constitute unfair competition in violation of the common law of the State of New York.

54.     Upon information and belief, Defendants' conduct was and is willful and intentional.

55.     Defendants' misconduct has injured Marimekko in an amount to be determined at trial and has caused, and if not restrained by this Court, will continue to cause, Marimekko serious and irreparably injury for which Marimekko has no adequate remedy at law.

**SEVENTH CLAIM FOR RELIEF**
**(NEW YORK UNFAIR COMPETITON LAW**
**N.Y. GENERAL BUSINESS LAW § 360-l)**

56.     Marimekko repeats each and every allegation set forth in paragraphs 1 through 29 and paragraphs 39 through 55 above as if fully set forth herein.

57.     Defendants' conduct constitutes unfair or deceptive practices in violation of New York General Business Law § 360-l.

58.     Defendants' bad faith use of the MARIMEKKO Trademarks, causes a likelihood of injury and/or actual injury to Marimekko's reputation, and dilutes the distinctive quality of the

20

MARIMEKKO Trademarks in that Defendants' conduct causes a likelihood of or actual confusion or misunderstanding as to the source, approval, connection, association, or sponsorship of the Infringing Goods.

59.    Upon information and belief, Defendants' conduct was and is willful and intentional.

60.    Defendants' misconduct has caused and will continue to cause irreparable injury to Marimekko, for which Marimekko has no adequate remedy at law.

**WHEREFORE,** Marimekko prays for relief and judgment against Defendants, as follows:

1.    Defendants, and their affiliated companies, principals, officers, employees, directors, servants agents representatives, distributors, retailers, and all persons, firms and/or corporations in privity, under their control and/or in active concert or participation with Defendants be ordered to preserve and produce all documents and things regarding, referring or reflecting the creation, design, manufacture, importation, exportation, distribution, promotion, advertisement, offer for sale and sale of any products bearing infringements of the UNIKKO Copyright, and/or or any design that is substantially similar thereto, and/or the MARIMEKKO Trademarks, or any simulation, reproduction, counterfeit, copy, colorable imitation or confusingly similar version of the MARIMEKKO Trademarks, including, but not limited to, any written, typed, photocopied, photographed, recorded, computer generated or stored, or other communication or representation, either stored manually or digitally in any computer memory, hard drive, server or other form retrievable by a computer which are currently in Defendants' custody, possession or control.

2.      Defendants, and their affiliated companies, principals, officers, employees, directors, servants, agents, representatives, distributors, and all persons, firms and/or corporations in privity, under their control and/or in active concert or participation with Defendants be temporarily, preliminarily and permanently enjoined and restrained from:

(a)      Imitating, copying or making unauthorized use of the UNIKKO Copyright;

(b)      Creating, designing, manufacturing, importing, exporting, distributing, circulating, selling, offering for sale, advertising, promoting or displaying the Infringing Goods or any other products bearing any designs substantially similar to the UNIKKO Copyright;

(c)      Using any design substantially similar to the UNIKKO Copyright in connection with the creation, design, manufacture, promotion, advertisement, display, sale, offering for sale, production, importation, exportation, circulation or distribution of any product;

(d)      Imitating, copying, infringing or making unauthorized use of the MARIMEKKO Trademarks;

(e)      Creating, designing, manufacturing, importing, exporting, distributing, circulating, selling, offering for sale, advertising, promoting or displaying the Infringing Goods or any other products bearing any designs or trademarks confusingly similar to the MARIMEKKO Trademarks;

(f)      Using any design or trademark confusingly similar to the MARIMEKKO Trademarks in connection with the creation, design, manufacture, promotion, advertisement, display, sale, offering for sale, production, importation, exportation,

22

circulation or distribution of any product in such manner as to relate or connect, or tend to relate or connect, such product in any way with Marimekko or to any goods sold, sponsored, approved by, or connected with Marimekko;

(g) Causing actual confusion, a likelihood of confusion, injury to Marimekko's goodwill, reputation and/or business success;

(h) Unfairly competing with Marimekko in any manner whatsoever;

(i) Ordering that Defendants file with this Court and serve upon Marimekko within thirty (30) days following this Court's entry of any injunction in this action, a written report, under oath, setting forth in detail the manner and form in which Defendants have complied with such injunction;

(j) making any statement or representation whatsoever, with respect to the infringing and/or counterfeit goods at issue, that falsely designates the origin of the products as those of Marimekko, or that is false or misleading with respect to Marimekko;

(k) transferring, consigning selling, shipping, or otherwise moving any goods, packaging, or other materials in Defendants' possession, custody, or control bearing the designs that infringe upon the UNIKKO Design, the UNIKKO Copyright, or any other design that is substantially similar thereto, and/or the MARIMEKKO Trademarks, or any other mark that is a simulation, reproduction, counterfeit, copy, colorable imitation, and/or confusingly similar variation of the MARIMEKKO Trademarks; and

(l) Engaging in any other activity, including the effectuation of assignments or transfers of its interest in designs substantially similar to the UNIKKO Copyright and/or confusingly similar to the MARIMEKKO Trademarks, the formation of other

4469970-1

corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 2(a) through 2(k) above.

3.      That Defendants be adjudged to have violated 17 U.S.C. § 101, *et seq*. by infringing the UNIKKO Copyright;

4.      That Defendants be adjudged to have violated 15 U.S.C. § 1114 by infringing the MARIMEKKO Trademarks;

5.      That Defendants be adjudged to have violated 15 U.S.C. § 1114 by counterfeiting the MARIMEKKO Trademarks by using collection names and designs that are identical to or substantially indistinguishable from the MARIMEKKO Trademarks;

6.      That Defendants be adjudged to have unfairly competed with Marimekko in violation of 15 U.S.C. § 1125(a), New York General Business Law § 360-l and common law;

7.      That Defendants be adjudged to have infringed upon the MARIMEKKO Trademarks and to have unfairly competed in violation of the common law of the State of New York;

8.      Directing the impounding for destruction of all Infringing Goods remaining in Defendants' inventory and the inventory of any of Defendants' retailers, and all products, labels, tags, packaging, artwork, prints, signs, packages, brochures, wrappers, dies, plates, molds, matrices, and advertising materials related to the Infringing Goods in its possession, custody or control bearing designs substantially similar to the UNIKKO Copyright and/or confusingly similar to the MARIMEKKO Trademarks, including, but not limited to all plates, molds, matrices and other means of making such infringements of the MARIMEKKO Intellectual Property;

24

9.     Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that the Infringing Goods have been offered for sale, sold or otherwise circulated or promoted by Defendants are authorized by Marimekko or are related to or associated in any way with Marimekko's products;

10.     Requiring Defendants to account and pay over to Marimekko all profits and damages  realized by their wrongful acts, pursuant to, *inter alia*, 17 U.S.C. § 504(b) and 15 U.S.C. § 1117;

11.     At Marimekko's election, awarding statutory damages in the maximum amount against each defendant for each infringement of the UNIKKO Copyright and inducement thereof, pursuant to 17 U.S.C. § 504(c);

12.     Directing that Marimekko's actual damages be trebled and that Defendants' profits resulting from Defendants' wrongdoing be enhanced, pursuant to 15 U.S.C. § 1117(a) and/or that Marimekko's actual damages due to the infringements and counterfeits of the registered MARIMEKKO Trademarks and Defendants' profits resulting from Defendants' wrongdoing in connection therewith be trebled due to Defendants' willful actions, pursuant to 15 U.S.C. § 1117(b);

13.     At Marimekko's election, awarding statutory damages in the amount of $2,000,000 per mark for each type of product in connection with which Defendants used counterfeits of the registered UNIKKO Design trademarks, pursuant to 15 U.S.C. § 1117(c);

14.     Directing that Defendants pay over to Marimekko its costs and reasonable attorneys' and investigatory fees and expenses, together with pre-judgment interest, pursuant to, *inter alia*, 15 U.S.C. § 1117 and 17 U.S.C. § 505;

4469970-1

15.     Ordering that the Court retain jurisdiction of this action for the purpose of enabling Marimekko to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof; and

16.     Any and all other relief that this Court deems just and proper.


Dated: New York, New York
      January 11, 2018

                    OLSHAN FROME WOLOSKY LLP

By: _____
           Steven R. Gursky
           Martin J. Feinberg
           Safia A. Anand
           *Attorneys for Plaintiff*
           1325 Avenue of the Americas
           New York, New York 10019
           (212) 451-2300

4469970-1